IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40383
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS CARRILLO-RODRIGUEZ,
also known as Jesus Carrillo,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-479-1
- - - - - - - - - -

March 26, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jesus Carrillo-Rodriguez was convicted
for being illegally present in the United States after having
been previously deported in violation of 8 U.S.C. § 1326(a).
Carrillo has appealed his sentence, which was enhanced under §
1326(b)(2). Carrillo contends for the first time on appeal that
the district court erred when it enhanced his sentence pursuant
to U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 2L1.2(b)(1)(A) because the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(G) is unconstitutionally vague as applied to him. Because this issue was not raised in the district court, we review it for plain error only. See United States v. Spires, 79 F.3d 464, 465-66 (5th Cir. 1996); see also United States v. Knowles, 29 F.3d 947, 950-51 (5th Cir. 1994). This court does not follow contrary authority from other circuits. See, e.g., United States v. Tabacca, 924 F.2d 906, 912 (9th Cir. 1991).

To demonstrate plain error, an appellant must show clear or obvious error that affects his substantial rights; if he does, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings but is not required to do so. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-35 (1993)).

Whether the vagueness doctrine applies to sentencing statutes which merely pertain to "the statutory range [within which] the guideline sentence will fall" is dubious. United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990)). As such, the district court's enhancement of Carrillo's sentence based on his aggravated felony which falls under the purview of § 1101(a)(43) was not plain error. Carrillo's substantial rights are not affected; nor does his sentence reflect adversely on the fairness, integrity or public reputation of judicial proceedings.

AFFIRMED.